UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,         Case No. 06-cr-20516

v         Honorable Thomas L. Ludington

D-1 JAMES DOUGLAS ALLEN, II,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RETROACTIVE APPLICATION
OF SENTENCING GUIDELINES**

On August 16, 2007, James Douglas Allen pleaded guilty to Count One of the Indictment: Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. §§ 846. The Presentence Report indicated that Allen pleaded guilty to possession of at least 50 grams of cocaine base. Based on the United States Sentencing Guidelines, the Court sentenced Allen to 110 months' imprisonment.

Allen now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Under that statute, a court may modify a term of imprisonment when a defendant has been sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Specifically, §1B1.10 allows a court to reduce a term imprisonment when a guideline range applicable to that defendant has been lowered as a result of an amendment to the Guidelines Manual. § 1B1.10(a)(1). On November 1, 2010, Amendment 750 permanently revised the quantity levels of cocaine base in the Drug Quantity table in U.S.S.G. § 2D1.1 to comply with the Fair Sentencing Act of 2010. Allen claims that Amendment 750 reduces his sentencing guidelines range.

"A defendant is eligible for a sentence reduction only if the amendment has the effect of lowering the defendant's applicable guideline range when the court substitutes the amendment for the corresponding guideline provision that was applied when the defendant was sentenced, leaving all other guideline application decisions unaffected. *United States v. Valentine*, 694 F.3d 665, 670 (6th Cir. 2012). Allen contends that Amendment 750 lowers his applicable guideline range.

Allen's contention ignores the fact that his sentencing guidelines took into account the fact that he possessed both cocaine base and cocaine powder. When, as here, a defendant possesses two different types of controlled substances, the Commentary to U.S.S.G. § 2D1.1 directs a court to "convert each of the drugs to its marihuana equivalent, add the quantities, and look up the total in the Drug Quantity Table to obtain the combined offense level." Allen was held accountable for 1.163 kilograms of cocaine base and 1.334 kilograms of cocaine powder, which resulted in 7,250.2 kilograms of marijuana equivalency. Taking the cocaine base and cocaine powder together, his original Presentence Report calculated that his base offense level was 34 according to U.S.S.G. § 2D1.1 Drug Quantity Table.

Despite Allen's contention, Amendment 750 does not result in reduction of his sentencing guidelines range. Under the amended guidelines, his base offense level is still 34: Allen's possession of the equivalent of 7,250.2 kilograms of marijuana is "[a]t least 3,000 KG but less than 10,000 KG of Marihuana," resulting in a base offense level of 34. U.S.S.G. § 2D1.1(c)(3). Accordingly, Amendment 750 did not affect Allen's applicable guideline range, and his motion to modify his sentence will be denied.

Moreover, after Allen filed his motion for retroactive application of the sentencing guidelines, this Court appointed a federal defender "to determine eligibility, confer with the

Probation Department and the U.S. Attorney's Office, and gather the pertinent information to assist the court in expeditiously resolving any pending or intended 18 U.S.C. 3582(c) motions." Order 2, ECF No. 108. On April 21, 2014, Allen's counsel filed a notice, after review of the documents and consultation with the Probation Department and the U.S. Attorney's Office, that he has determined that Allen is not entitled to a sentence reduction. Allen's counsel also avers that he sent a letter to Allen about this conclusion, but did not receive a response. Notice 1-2, ECF No. 113.

In sum, Allen's reliance on § 3582(c)(2) is misplaced. Amendment 750 did not alter his base level offense, and therefore Allen's motion will be denied.

Accordingly, it is **ORDERED** that Allen's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses (ECF No. 107) is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: June 12, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 12, 2014.

s/Tracy A. Jacobs  
TRACY A. JACOBS